JS 44 (Rev. 12/12)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Nisheaba Lewis

**DEFENDANTS**
FCA US LLC and ELCO Administrative Services

**(b)** County of Residence of First Listed Plaintiff  Montgomery County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert Land
The Curtis Center
601 Walnut St., Suite 160 West
Philadelphia, PA 19106
(215) 627-8222

Attorneys *(If Known)*
Keith D. Heinold
Marshall Dennehey Warner, et al.
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-2640

Christopher J. Pakuris
Margolis Edelstein
170 S. Independence Mall W., Ste. 400E
Philadelphia, PA 19106
(215) 931-5853

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product / Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability / ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & / Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander / Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability / ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine / Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product / Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability / **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability / ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal / Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - / Product Liability | Leave Act | | Act |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ / Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other / ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | |
| | | Conditions of | | |
| | | Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Plaintiff is a citizen of Pennsylvania; no Defendant is a citizen of Pennsylvania.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE

DOCKET NUMBER

DATE 5/19/15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| NISHEABA LEWIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FCA US LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (✓)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )


| | | |
|---|---|---|
| *5/19/15* | *Keith, Dibold* | FCA US LLC |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-575-2640 | 215-575-0856 | kdheinold@mdwcg.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1201 E. Willow Grove Ave., Wyndmoor, PA 19038

Address of Defendant: 1000 Chrysler Drive, Auburn Hills, Michigan 48326 (FCA US LLC) / 600 Corporate Park Drive, St. Louis, MO 63105 (ELCO)

Place of Accident, Incident or Transaction: Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☑ No ☐

Does this case involve multidistrict litigation possibilities?     Yes ☐ No ☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes ☐ No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

**B.** *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury
(Please specify)
7. ☑ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

**ARBITRATION CERTIFICATION**

*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/19/15     _____     30244

         Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/19/15     _____     30244

         Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1201 E. Willow Grove Ave., Wyndmoor, PA 19038

Address of Defendant: 1000 Chrysler Drive, Auburn Hills, Michigan 48326 (FCA US LLC) / 600 Corporate Park Drive, St. Louis, MO 63105 (ELCO)

Place of Accident, Incident or Transaction: Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☑   No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☑

*RELATED CASE, IF ANY:*

Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury
    (Please specify)
7. ☑ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/19/15    _____    30244

Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/19/15    _____    30244

Attorney-at-Law    Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NISHEABA LEWIS | : | **CIVIL ACTION** |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **NO.** |
| | : | |
| FCA US LLC, d/b/a | : | |
| CHRYSLER CORPORATION, a/k/a | : | |
| CHRYSLER GROUP LLC | : | |
| and | : | |
| ELCO ADMINISTRATIVE SERVICES, | : | |
| t/a ENTERPRISE CAR RENTAL CO. | : | |
| | : | |
| Defendants | : | |

## NOTICE OF REMOVAL

Defendant FCA US LLC ("FCA US"), formerly known as Chrysler Group LLC, by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby respectfully files the Notice of Removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof avers as follows:

1.     On December 22, 2014, Plaintiff instituted this action by filing a praecipe to issue writ of summons in the Court of Common Pleas of Philadelphia County.  See Praecipe to Issue Writ of Summons, attached hereto as Exhibit "A."

2.     Subsequently, on March 19, 2015, Plaintiff filed a Complaint, alleging a breach of warranty claim involving an allegedly malfunctioning vehicle manufactured by FCA US

and rented from ELCO Administrative Services, t/a Enterprise Car Rental Co. ("ELCO"). <u>See</u> Complaint, attached hereto as Exhibit "B."

3.    Plaintiff is an individual with a stated residence in Wyndmoor, Pennsylvania.  She is a citizen of Pennsylvania.  <u>See</u> <u>id.</u> at ¶ 1.

4.    Plaintiff's Complaint named as a defendant FCA US LLC.  <u>See</u> <u>id.</u>  As is explained in further detail below, FCA US LLC is a citizen of the Netherlands and of the United Kingdom.

5    The citizenship of a limited liability company, such as FCA US, is determined by the citizenship of each of its members.  <u>See</u> <u>Johnson v. Smithkline Beecham Corp.</u>, 742 F.3d 337, 348 (3d Cir. 2013); <u>Zambelli Fireworks Mfg. Co. v. Wood</u>, 592 F.3d 412, 420 (3d Cir. 2010).

6.    The traditional elements of corporate citizenship, the principal place of business and State of organization, are not proper factors in the citizenship analysis of a limited liability company.  <u>See</u> <u>Johnson</u>, 724 F.3d at 347-48 ("The principal place of business of an unincorporated entity is therefore irrelevant to determining its citizenship"); <u>Rice Drilling B, LLC v. Int'l Assets Advisory, LLC</u>, 2013 U.S. Dist. LEXIS 179394, *12 (W.D. Pa. Dec. 23, 2013)(disregarding state of organization of a limited liability company in determining its citizenship).

7.    FCA US is a limited liability company with a single member:  FCA North American Holdings LLC.

8.    In turn, Fiat North American Holdings LLC has a sole member: Fiat Chrysler Automobiles N.V.

9.      Fiat Chrysler Automobiles N.V. is a citizen of the Netherlands and of the United

Kingdom, because it is a corporation organized and existing under the laws of the

Netherlands, with its principal place of business in London.  See 28 U.S.C. § 1332(c)(1)

(instructing that "a corporation shall be deemed to be a citizen of every State and foreign

state by which it has been incorporated and of the State or foreign state where it has its

principal place of business.").

10.     Because its sole member is a citizen of the Netherlands and the United Kingdom, Fiat

North American Holdings LLC is also a citizen of those two foreign states.

11.     Likewise, because its sole member is a citizen of the Netherlands and the United

Kingdom, FCA US is also a citizen of those two foreign states.

12.     Therefore, for jurisdictional purposes, FCA US is not a citizen of Pennsylvania, as its

sole member is not a citizen of this Commonwealth.

13.     Plaintiffs' Complaint also names as a defendant ELCO Administrative Services, t/a

Enterprise Car Rental Co. ("ELCO").  See Exhibit "B."

14.     ELCO is a corporation formed and existing under the laws of the State of Missouri, and

with a principal place of business in the State of Missouri.  See Exhibit "B"; see also

Articles of Incorporation, attached hereto as Exhibit "C"; see also correspondence from

counsel for ELCO, attached hereto as Exhibit "D."

15.     Because Plaintiff is a citizen of Pennsylvania, and Defendants are not, diversity of

citizenship exists in this case.

16.     The amount in controversy was not clear from the face of the Complaint, and thus this

case was not removable as first filed.  The Complaint simply alleged that the amount in

controversy was "in excess of Fifty Thousand ($50,000.00) Dollars."  See Exhibit "B."

17. Indeed, until very recently, all indications were that the amount in controversy in this case did <u>not</u> exceed $75,000.

18. This case stems from a motor vehicle accident that occurred on May 29, 2011. <u>See</u> Exhibit "B."

19. Plaintiff had filed an earlier suit arising from the same motor vehicle accident, alleging that the amount in controversy was not in excess of $50,000, the jurisdictional limit for Philadelphia County's compulsory arbitration program. <u>See</u> Complaint filed in <u>Nisheaba Lewis v. Estate of John T. Johnson</u>, attached hereto as Exhibit "E."

20. Further, the accident at issue was memorialized in a "Non-Reportable Accident Report," indicating that no injuries had occurred, and no vehicle towing was required. <u>See</u> Philadelphia Non-Reportable Accident Report, attached hereto as Exhibit "F."

21. Finally, FCA US's initial investigation revealed that Plaintiff's claims against Mr. Johnson's Estate settled for far less than the $50,000 arbitration program jurisdictional maximum.[1]

22. However, subsequently, FCA US has learned that Plaintiff is seeking relief in excess of the $75,000 jurisdictional minimum.

23. On April 29, 2015, the parties attended a Case Management Conference in the Philadelphia County Court of Common Pleas. Plaintiff's Conference Memorandum, hand delivered at the conference, indicated an amount in controversy of $125,000. <u>See</u> Plaintiff's Case Management Conference Memorandum, attached hereto as Exhibit "G."

---

[1] Although it was not a party to the General Release that settled that case, FCA US will honor the release's confidentiality provision by not publishing the precise settlement amount, or attaching the release as an exhibit to this Notice. However, to the extent the Court would find review of the release to be instructive, FCA US is prepared to provide a copy to the Court for an <u>in camera</u> review.

24.   On the basis of this Memorandum, it is clear that Plaintiff is demanding an amount in controversy, exclusive of interest and costs, in excess of the jurisdictional minimum set forth in 28 U.S.C. § 1332(a).

25.   As a result, this Civil Action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy is in excess of $75,000 exclusive of interest and costs.  Accordingly, this matter is one which may be removed to this Court by notice pursuant to 28 U.S.C. §§ 1441 and 1446.

26.   Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal has been filed within thirty (30) days after service of Plaintiff's Case Management Conference Memorandum on April 29, 2015, which was the first notice to FCA US that this case was removable.  See Exhibit "G."

27.   The requirements of 28 U.S.C. § 1446(b)(2)(A) are satisfied in that counsel for ELCO has consented to this removal.  See Exhibit "D."

28.   Written notice of the filing of this Notice of Removal has been given to all adverse parties in accordance with 28 U.S.C. § 1446(d), and is noted in the Certificate of Service attached hereto.

29.   Promptly after filing in this Court and the assignment of a Civil Action Number, a Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, in accordance with 28 U.S.C. § 1446(d).

30.   Copies of all process, pleadings and Orders served upon the defendant are attached hereto in accordance with 28 U.S.C. § 1446(a).  These consist of the aforementioned Exhibits

"A" and "B," as well as additional documents that are collectively attached hereto as

Exhibit "H."

WHEREFORE, Defendant FCA US LLC hereby removes this action from the

Philadelphia County Court of Common Pleas to the United States District Court for the Eastern

District of Pennsylvania.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By:_____

KEITH D. HEINOLD
Attorney ID. No. 30244
Attorney for Defendant,
FCA US LLC, formerly known as
Chrysler Group LLC

2000 Market Street
Philadelphia, PA  19103
215-575-2640 (P)
215-575-0856 (F)
kdheinold@mdwcg.com

DATED: _____5/19/15_____

## VERIFICATION

I, Keith Heinold, hereby state the facts set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief.  I understand that this statement is made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

KEITH D. HEINOLD
Attorney for Defendant,
FCA US LLC, formerly known as
Chrysler Group LLC

DATED: 5/19/15

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was

served this date, via United States mail, to the following persons:


Robert Land
The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA  19106

Christopher J. Pakuris
MARGOLIS EDELSTEIN
The Curtis Center
170 S. Independence Mall W.
Suite 400E
Philadelphia, PA 19106


**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**


By:_____
       JANET M. SMITH
       Administrative Assistant to
       KEITH D. HEINOLD
       Attorney for Defendant,
       FCA US LLC,
       Formerly Known as Chrysler Group LLC

**DATED:**  5/19/15

# EXHIBIT A

# Robert Land
Attorney At Law
The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA 19106
(215) 627-8222
Fax (215) 627-3992

December 26, 2014

FCA US, LLC, d/b/a CHRYSLER CORPORATION,
a/k/a CHRYSLER GROUP, LLC
1000 Chrysler Drive
Auburn, MI 48326

ELCO ADMINISTRATIVE SERVICE, t/a
ENTERPRISE CAR RENTAL CO.
600 Corporate Park Drive
St. Louis, MO 63105

Re:   NISHEABA LEWIS Vs. FCA US, LLC, d/b/a CHRYSLER
     CORPORATION, a/k/a CHRYSLER GROUP, LLC And
     ELCO ADMINISTRATIVE SERVICES, t/a ENTERPRISE
     CAR RENTAL CO.
     CCP, PHILADELPHIA, DECEMBER TERM, 2014, NO. 3279

Dear Sir or Madam:

Enclosed please each find a Civil Cover Sheet, Praecipe to Issue
Summons and Summons in Civil Action filed against you as a result of the
injuries suffered by Nisheaba Lewis in a motor vehicle accident occurring
May 29, 2011, while driving a defective 2010 Chrysler 300 rented from
Enterprise. A copy of the police report pertaining to this accident is provided
herewith.

Please immediately forward these legal documents to counsel for defense
of this action.

Sincerely,

KATHLEEN RANALLI for
ROBERT LAND

/kr
Enclosures

Chrysler Group LLC
Office of the General Counsel

JAN 05 2015

By_____ Mail/Reg. Agent
Sec. of State/Proc. Server

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

*DECEMBER 2014*

*003279*

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| NISHEABA LEWIS | FCA US, LLC, ALIAS: A/K/A CHRYSLER GROUP, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1201 E. WILLOW GROVE AVENUE<br>WYNDMOOR PA 19038 | 1000 CHRYSLER DRIVE<br>AUBURN HILLS MI 48326 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | ELCO ADMINISTRATIVE SERVICES, ALIAS: T/A<br>ENTERPRISE CAR RENTAL CO. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 600 CORPORATE PARK DRIVE<br>ST. LOUIS MO 63105 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 2 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions | | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce   ☐ Settlement<br>☐ Minor Court Appeal   ☐ Minors<br>☐ Statutory Appeals   ☐ W/D/Survival |

CASE TYPE AND CODE

2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO<br>COORDINATION ORDER? |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br>DEC 22 2014<br>**D. SAVAGE** | YES          NO |

---

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>NISHEABA LEWIS</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ROBERT LAND | 601 WALNUT STREET<br>SUITE 160 WEST<br>PHILADELPHIA PA 19106 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215) 627-8222 | (215) 627-3992 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 4741 | rlandesq@aol.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| ROBERT LAND | Monday, December 22, 2014, 04:48 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**ROBERT LAND, ESQUIRE**
The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA  19106
(215) 627-8222
Attorney ID #04741
Attorney for Plaintiff

MAJOR/NON-JURY ACTION



---

NISHEABA LEWIS
1201 E. Willow Grove Avenue
Wyndmoor, PA  19038

     Vs.

FCA US, LLC, d/b/a
CHRYSLER CORPORATION, a/k/a
CHRYSLER GROUP, LLC
1000 Chrysler Drive
Auburn Hills, MI  48326
    And
ELCO ADMINISTRATIVE SERVICES,
t/a ENTERPRISE CAR RENTAL CO.
600 Corporate Park Drive
St. Louis, MO  63105

    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :

COURT OF COMMON PLEAS

DECEMBER TERM, 2014

NO.

## PRAECIPE TO ISSUE SUMMONSES IN CIVIL ACTION

## (CODE: NEGLIGENCE, 2P, PRODUCTS LIABILITY)

TO THE OFFICE OF JUDICIAL RECORDS:

      Kindly enter my appearance for the plaintiff in the above captioned

matter and issue Summonses in Civil Action.

      I certify that this is a Major/Non-Jury Products Liability action and

that the amount in controversy exceeds Fifty Thousand ($50,000.00) Dollars.

ROBERT LAND, ESQUIRE
Attorney for Plaintiff

Case ID: 141203279

C.P. 97

# Commonwealth of Pennsylvania

### CITY AND COUNTY OF PHILADELPHIA

SUMMONS
*CITACION*

NISHEABA LEWIS
1201 E. Willow Grove Avenue
Wyndmoor, PA 19038

**COURT OF COMMON PLEAS**

Vs.

FCA US, LLC, d/b/a CHRYSLER CORPORATION,
a/k/a CHRYSLER GROUP, LLC
1000 Chrysler Drive
Auburn Hills, MI 48326
         And
ELCO ADMINISTRATIVE SERVICES,
t/a ENTERPRISE CAR RENTAL CO.
600 Corporate Park Drive
St. Louis, MO 63105

DECEMBER _____ Term, 2014

No. _____

MAJOR/NON-JURY ACTION;

CODE: NEGLIGENCE,
2P. PRODUCTS LIABILITY

To(1)

FCA US, LLC, d/b/a CHRYSLER CORPORATION,
a/k/a CHRYSLER GROUP, LLC
         And
ELCO ADMINISTRATIVE SERVICES,
t/a ENTERPRISE CAR RENTAL CO.

You are notified that the Plaintiff(2)
*Usted esta avisado que el demandante(2)*

NISHEABA LEWIS

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*





JOSEPH H. EVERS
*Prothonotary*

By _____

Date _____

(1) Name(s) of Defendant(s)
(2) Name(s) of Plaintiff(s)

10-208 (Rev. 6/00)

Case ID: 141203279

Case ID: 141203279

COURT OF COMMON PLEAS

DECEMBER  Term, 2014  No. ___

NISHEARA LEWIS
1201 E. Willow Grove Avenue
Wyndmoor, PA  19038

Vs.

FCA US, LLC, d/b/a CHRYSLER CORPORATION,
a/k/a CHRYSLER GROUP, LLC
1000 Chrysler Drive
Auburn Hills, MI  48326
And
ELCO ADMINISTRATIVE SERVICES,
t/a ENTERPRISE CAR RENTAL CO.
600 Corporate Park Drive
St. Louis, MO  63105

SUMMONS
IN
CIVIL ACTION

ROBERT LAND, ESQUIRE
The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA  19106
(215) 627-8222
Attorney ID #04741
Attorney for Plaintiff

# EXHIBIT B

### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### COURT OF COMMON PLEAS OF PHILADELPHIA

Filed and Attested by
PROTHONOTARY
19 MAR 2015 02:49 pm
C. FORTE

NISHEABA LEWIS                                    :    DECEMBER TERM, 2014
1201 E. Willow Grove Avenue                       :
Wyndmoor, PA  19038                               :
                                                  :
        Vs.                                       :
                                                  :
FCA US, LLC, d/b/a CHRYSLER CORPORATION,          :
a/k/a CHRYSLER GROUP, LLC                         :
1000 Chrysler Drive                               :
Auburn Hills, MI  48326                           :
        And                                       :
ELCO ADMINISTRATIVE SERVICES,                     :
t/a ENTERPRISE CAR RENTAL CO.                     :
600 Corporate Park Drive                          :
St. Louis, MO  63105                              :    NO. 3279

CIVIL ACTION - COMPLAINT UNDER THE UNIFORM COMMERCIAL CODE

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| **You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.** | **Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.** |
| *You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente.  Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio.  Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania  19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania  19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

**10-284**

Case ID: 141203279

**ROBERT LAND, ESQUIRE**
The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA  19106
(215) 627-8222
Attorney ID #04741
Attorney for Plaintiff

---

| | | |
|---|---|---|
| NISHEABA LEWIS<br>1201 E. Willow Grove Avenue<br>Wyndmoor, PA  19038 | : | COURT OF COMMON PLEAS |
| Vs. | : | |
| FCA US, LLC, d/b/a<br>CHRYSLER CORPORATION, a/k/a<br>CHRYSLER GROUP, LLC<br>1000 Chrysler Drive<br>Auburn Hills, MI  48326<br>        And<br>ELCO ADMINISTRATIVE SERVICES,<br>t/a ENTERPRISE CAR RENTAL CO.<br>600 Corporate Park Drive<br>St. Louis, MO  63105 | : | DECEMBER TERM, 2014 |
| | : | NO. 3279 |

## CIVIL ACTION

## COMPLAINT UNDER THE UNIFORM COMMERCIAL CODE

1.      Plaintiff is an adult individual and citizen of the United States

and the Commonwealth of Pennsylvania, residing therein in Wyndmoor at 1201

E. Willow Grove Avenue.

2.      Defendants, FCA US, LLC, d/b/a Chrysler Corporation, a/k/a

Chrysler Group, LLC, and Elco Administrative Services, t/a Enterprise Car Rental

Co., are manufacturers, marketers, sellers and distributors of motor vehicles and,

in particular, the 2010 Chrysler automobile, VIN 2C3CA5CV6AH309133, which is

the subject matter of this litigation.

Case ID: 141203279

3. On or about the 29th day of May, 2011, the plaintiff was driving the subject Chrysler automobile when it collided with another motor vehicle at the intersection of Musgrave and Chelten Avenues, in Philadelphia, Pennsylvania, the accident occurring in such manner that the frontal driver-side airbag should have deployed, as the result of which plaintiff suffered injuries and/or enhanced injuries which are hereinafter more fully set forth at length.

4. Said automobile and its parts were expressly and impliedly warranted by the defendants to be reasonably fit, merchantable and suitable for the ordinary purposes for which they were to be used.

5. The automobile and its component parts were not merchantable, fit and suitable for the ordinary purposes for which they were to be used.

6. The defendants, knowing the purposes for which the automobile was intended to be used and the use to which it would be put, impliedly warranted same to be suitable and fit for a particular purpose.

7. The automobile and its component parts were not fit for the particular purpose of the plaintiff's use and did, in fact, cause the plaintiff's injuries.

8. Solely due to the actionable conduct as aforesaid of the defendants under Pennsylvania's adoption of the Uniform Commercial Code, plaintiff suffered serious injuries; she suffered lumbosacral sprain and strain; she suffered a trauma to the head, cerebral concussion and syndrome therefrom, including a seizure disorder; she suffered contusions, lacerations and abrasions

to her face, mouth, chest, jaw and left knee; she suffered other serious

orthopedic, neurological and internal injuries; she sustained arthritic and vascular

changes; she suffered a severe shock and injury to her nerves and nervous

system; she has required medicines, medical care and treatment for which she

paid and incurred expenses; she suffered from agonizing aches, pains and

mental anguish; and she has been disabled from performing her usual duties,

occupations and avocations.

**WHEREFORE,** plaintiff claims damages of the defendants in a sum

in excess of Fifty Thousand ($50,000.00) Dollars.

**ROBERT LAND, ESQUIRE**
Attorney for Plaintiff

## VERIFICATION

**ROBERT LAND, ESQUIRE,** states that he is the attorney for

Nisheaba Lewis, the plaintiff in the foregoing action; that he is authorized to take

this Verification on plaintiff's behalf, and that each and every allegation contained

in plaintiff's Complaint is true and correct, to the best of his knowledge,

information and belief.

   This statement is made subject to the penalties of 18 Pa. C.S.

§4904 relating to unsworn falsification to authorities.

**ROBERT LAND, ESQUIRE**
Attorney for Plaintiff

Date: 3/19/15

# EXHIBIT C

# ARTICLES OF INCORPORATION

The undersigned natural person of the age of eighteen years or more for the purpose of forming a corporation under The General and Business Corporation Law of Missouri adopts the following Articles of Incorporation:

1.  The name of the corporation is ELCO Administrative Services Company.

2.  The address, including street and number, if any of the corporation's initial registered office in this state is 600 Corporate Park Drive, St. Louis, Missouri 63105 and the name of its initial agent at such address is John T. O'Connell.

3.  The aggregate number, class and par value, if any of shares, which the corporation shall have authority to issue shall be:

    > One Hundred Thousand (100,000) shares of common stock having a par value of One Dollar ($1.00) each.

    The preferences, qualifications, limitations, restrictions, and the special or relative rights, including convertible rights, if any, in respect of the shares of each class are as follows: NONE.

4.  The extent, if any, to which the preemptive right of a shareholder to acquire additional shares is limited or denied.  NOT DENIED

5.  The name and place of resident of each incorporator is as follows:

    | Name | Street | City |
    |------|--------|------|
    | Thomas E. Toney, III | 231 S. Bemiston Avenue<br>8th Floor | St. Louis, MO 63105 |

6.  The number of directors to constitute the board of directors is three (3).

7.  The duration of the corporation is perpetual.

8.  The corporation is formed for the following purposes: To perform administrative services of all kinds and to engage in any other lawful business.

IN WITNESS WHEREOF, these Articles of Incorporation have been signed this 8th day of March, 1998.

_____
Thomas E. Toney, III

FILED AND CERTIFICATE OF
INCORPORATION ISSUED

MAR 1 1 1998

Rebecca McDowell Cook
SECRETARY OF STATE

STATE OF MISSOURI        )
                         ) SS.
COUNTY OF ST. LOUIS      )

I, Gail A. Griggs, a Notary Public, do hereby certify that on this 8th day of March, 1998, personally appeared before me, Thomas E. Toney, III, who being by me first duly sworn, declared that he is the person who signed the foregoing document as incorporator, and that the statements herein contained are true.

_____
Notary Public

GAIL A GRIGGS
NOTARY PUBLIC STATE OF MISSOURI
ST LOUIS COUNTY
MY COMMISSION EXP. MAY 5 1999

FILED AND CERTIFICATE OF
INCORPORATION ISSUED

MAR 1 1 1998

Rebecca McDowell Cook
SECRETARY OF STATE

NO. 00453146



# STATE OF MISSOURI

### Rebecca McDowell Cook
### Secretary of State

CORPORATION DIVISION

CERTIFICATE OF INCORPORATION

WHEREAS, DUPLICATE ORIGINALS OF ARTICLES OF INCORPORATION OF

ELCO ADMINISTRATIVE SERVICES COMPANY

HAVE BEEN RECEIVED AND FILED IN THE OFFICE OF THE SECRETARY OF STATE, WHICH ARTICLES, IN ALL RESPECTS, COMPLY WITH THE REQUIREMENTS OF GENERAL AND BUSINESS CORPORATION LAW;

NOW, THEREFORE, I, REBECCA MCDOWELL COOK, SECRETARY OF STATE OF THE STATE OF MISSOURI, BY VIRTUE OF THE AUTHORITY VESTED IN ME BY LAW, DO HEREBY CERTIFY AND DECLARE THIS ENTITY A BODY CORPORATE, DULY ORGANIZED THIS DATE AND THAT IT IS ENTITLED TO ALL RIGHTS AND PRIVILEGES GRANTED CORPORATIONS ORGANIZED UNDER THE GENERAL AND BUSINESS CORPORATION LAW.

IN TESTIMONY WHEREOF,  I HAVE SET MY HAND AND IMPRINTED THE GREAT SEAL OF THE STATE OF MISSOURI,  ON THIS, THE 11TH DAY OF MARCH, 1998.

**Secretary of State**

$93.00

S.O.S. #30

# EXHIBIT D

**Smith, Janet M.**

| | |
|---|---|
| **From:** | Christopher Pakuris [cpakuris@margolisedelstein.com] |
| **Sent:** | Friday, May 08, 2015 11:31 AM |
| **To:** | Heinold, Keith D. |
| **Subject:** | Lewis vs FCA US and ELCO Administrative Services ( here in after " ELCO " ) |

Dr Mr Heinold,

    Please be advised that I agree to the removal of the above case from the Philadelphia Common Pleas Court to the US District Court for the Eastern District of Pennsylvania and note the following;

    1> ELCO is incorporated in the state of Missouri ;
    2> ELCO has no offices in Pennsylvania ;
    3> ELCO's principle place of Business in in St Louis Missouri ;
    4> ELCO's closest office is located in Waynn NJ ;

    Should you have any questions please feel free to contact me.
    Chris

--



Christopher J. Pakuris, Esq.
office: 215-931-5853 fax: 215-922-1772

mobile:  215-480-7141
email: cpakuris@margolisedelstein.com
Visit us at www.margolisedelstein.com
Attorney Profile: Christopher J. Pakuris

Margolis Edelstein
The Curtis Center, Ste. 400 E
170 S. Independence Mall W
Philadelphia, PA  19106-3337

CONFIDENTIALITY NOTICE:  This e-mail message is intended only for the personal and confidential use of the intended recipients. This message may contain privileged attorney-client communication.  If you have received this message in error, any review or dissemination is strictly prohibited.  Please notify us immediately by e-mail and delete the original message.

# EXHIBIT E

ROBERT LAND, ESQUIRE
The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA  19106
(215) 627-8222
Attorney ID #04741
Attorney for Plaintiff(s)

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

Filed and Attested by
PROTHONOTARY
01 NOV 2013 01:15 pm
P. MARTIN

NISHEABA LEWIS            :    JULY TERM, 2013
1201 E. Willow Grove Avenue      :
Wyndmoor, PA  19038              :
                                 :
            Vs.                  :
                                 :
ESTATE OF JOHN T. JOHNSON, Deceased  :
2029 Church Lane                 :
Philadelphia, PA  19138          :    NO. 2925

CIVIL ACTION

COMPLAINT

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you. | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente.  Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio.  Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania  19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania  19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

10-284

**ROBERT LAND, ESQUIRE**
The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA  19106
(215) 627-8222
Attorney ID #04741
Attorney for Plaintiff

| | |
|---|---|
| NISHEABA LEWIS<br>1201 E. Willow Grove Avenue<br>Wyndmoor, PA  19038 | : COURT OF COMMON PLEAS<br>:<br>: |
| Vs. | : JULY TERM, 2013<br>: |
| ESTATE OF JOHN T. JOHNSON, Deceased<br>2029 Church Lane<br>Philadelphia, PA  19138 | :<br>:<br>: NO. 2925 |

## CIVIL ACTION

## COMPLAINT

1.      On or about the 29th day of May, 2011, the defendant, John

T. Johnson Estate, hereinafter referred to as defendant and/or John T. Johnson,

owned, (or was bailed to), possessed, controlled, maintained and operated a

certain Ford Mustang convertible which was involved in the accident hereinafter

described.

2.      On that date, the plaintiff, Nisheaba Lewis, was operating a

commercial vehicle, which she rented from Enterprise Car Rental, in a southerly

direction on Musgrave Street, in the City of Philadelphia, PA, and when she

approached Musgrave's intersection with Chelten Avenue, she attempted to

enter the intersection on a green light when defendant, suddenly and without

warning facing west on Chelten Avenue, carelessly entered the intersection on a

red light directly in the path of plaintiff's vehicle, causing a collision by which plaintiff was thrown about her restraints and portions of the interior of the Chrysler 300, causing her to suffer serious injuries which are hereinafter more fully set forth at length.

3.     The negligence and carelessness of John T. Johnson consisted in the following:

(a)     He failed to have his motor vehicle under proper and adequate control at the time;

(b)     He failed to give sufficient and proper warning of the approach of his motor vehicle;

(c)     He operated his motor vehicle without due regard for the rights, safety and position of the plaintiff at the point aforesaid;

(d)     He failed to maintain a proper lookout;

(e)     He violated those sections of the motor vehicle code relating to duties of motorists approaching controlled intersections.

4.     Solely by reason of the negligence and carelessness of the defendant as aforesaid, the plaintiff suffered serious injuries; she suffered cervical sprain and strain; she suffered thoracic sprain and strain; she suffered lumbosacral sprain and strain; she suffered a trauma to the head, cerebral concussion and syndrome therefrom, including a seizure disorder; she suffered contusions, lacerations and abrasions to her face, mouth, chest, jaw and left knee; she suffered other serious orthopedic, neurological and internal injuries; she sustained arthritic and vascular changes; she suffered a severe shock and

injury to her nerves and nervous system; she has required medicines, medical

care and treatment; she suffered from agonizing aches, pains and mental

anguish; and she has been disabled from performing her usual duties,

occupations and avocations.

        5.     Solely by reason of the negligence and carelessness of the

defendant as aforesaid, the 2010 Chrysler 300 bailed to the plaintiff was

damaged in and about the front and claim is being made for the cost of repairs or

the fair market value of the vehicle at the time of the loss, whichever is lesser,

together with loss of use and other incidental expenses.

        **WHEREFORE,** plaintiff claims damages of the defendant in a sum

not in excess of Fifty Thousand, ($50,000.00) Dollars.

**ROBERT LAND, ESQUIRE**
Attorney for Plaintiff

## VERIFICATION

**ROBERT LAND, ESQUIRE,** states that he is the attorney for

Nisheaba Lewis, the plaintiff in the foregoing action; that he is authorized to take

this Verification on plaintiff's behalf; and that each and every allegation contained

in plaintiff's Complaint is true and correct, to the best of his knowledge,

information and belief.

This statement is made subject to the penalties of 18 Pa. C.S.

§4904 relating to unsworn falsification to authorities.

**ROBERT LAND, ESQUIRE**
Attorney for Plaintiff

Date: 10/31/13

Case ID: 130702925

# EXHIBIT F

3711

## Philadelphia Non-Reportable Accident Report

The Pennsylvania Motor Vehicle Code defines a Non-Reportable accident as an accident where no injuries occurred and no vehicle towing required.

☐ Change/Continuation

| 1. INVESTIGATING OFFICER | 2. BADGE NO. | 3. DISTRICT/UNIT | 4. SUPERVISOR'S NAME / BADGE |
|---|---|---|---|
| P/o BURNS | 1388 | 14-1-A | |

| 5. DATE OF ACCIDENT | 6. TIME OF ACCIDENT | 7. DATE OF REPORT | | SHEET 1 OF 1 |
|---|---|---|---|---|
| 08-29-11 | 03:19 hr | 08-29-11 | 8. DC NO. 11 - 14 - 018747 | |

**9. LOCATION:** Principal Road MUSGRAVE   (nearest) Intersecting Road CHELTEN

Exact Address

**10. TYPE OF ACCIDENT (CHECK THE APPROPRIATE BOXES)**
☐ City Vehicle ☒ Auto ☐ Motorcycle ☐ Truck ☐ Property Damage ☐ Pedestrian ☐ Other

### UNIT #1

**11. BEFORE THE ACCIDENT VEHICLE/PEDESTRIAN WAS:**
☒ Straight ☐ Turning ☐ Stopped ☐ Parked ☒ Heading: N (S) E W on (street) MUSGRAVE

**12. TRAFFIC CONTROLS:** ☐ 2-way stop ☐ 4-way stop ☒ Traffic Light ☐ Yield ☐ Other WAYNOR PA

| OPERATOR #1 | 13. NAME KYSHEADA IAN LEWIS | 14. ADDRESS 1201 E WILLOW GROVE AVE | 15. TELEPHONE NO. 19038 |
|---|---|---|---|
| | 16. DOB 03-20-84 | 17. LICENSE STATE PA | 215-466-8461 |
| | | 18. OPERATOR NO. AH09188 | |

| OWNER #1 | 19. SAME AS OPER. ☐ | 20. NAME CUTEX- | 21. ADDRESS 365 WATERMAN ST  02914 | 22. TELEPHONE NO. |
|---|---|---|---|---|
| | | PRIDE | FURNITURE | 215-886-9500 |

| Passengers | 23. NAME N/A | 24. ADDRESS (NO., STREET, STATE, ZIP CODE) N/A | 25. TELEPHONE NO. N/A |
|---|---|---|---|

| Vehicle | 26. YEAR 2010 | 27. MAKE CHRYSLER | 28. MODEL 200 | 29. COLOR SLVR | 30. TYPE SDN | 31. VIN NO. 2C3CA5CV6AH309133 |
|---|---|---|---|---|---|---|

**32. REGISTRATION YEAR** 2011   **33. LICENSE PLATE STATE** RI   **34. LICENSE PLATE NO.** 654-091

**35. INSURANCE COMPANY** SELF INSURED   **36. POLICY NO.** 847718

**37. DAMAGE (DESCRIPTION)** X FRONT DAMAGE

Place an X on the location of the vehicle's damage

### UNIT #2

**38. BEFORE THE ACCIDENT VEHICLE/PEDESTRIAN WAS:**
☐ Straight ☒ Turning ☐ Stopped ☐ Parked ☒ Heading: N (S) E W on (street) EAST THEN S MUSGRAVE

**39. TRAFFIC CONTROLS:** ☐ 2 way stop ☐ 4 way stop ☒ Traffic Light ☐ Yield ☐ Other KING OF PRUSSIA 19406

| OPERATOR #2 | 40. NAME JOHN T. JOHNSON | 41. ADDRESS 417 CROOKED LN BLDG BB | 42. TELEPHONE NO. 215-454-8686 |
|---|---|---|---|
| | 43. DOB 09-22-28 | 44. LICENSE STATE PA | 45. OPERATOR NO. 05875919 |

| OWNER #2 | 46. SAME AS OPER. ☐ | 47. NAME JOHN JOHNSON | 48. ADDRESS 8089 CHURCH LN. PHILA PA 19148 | 49. TELEPHONE NO. 215-454-8686 |
|---|---|---|---|---|

| Passengers | 50. NAME N/A | 51. ADDRESS (NO., STREET, STATE, ZIP CODE) N/A | 52. TELEPHONE NO. N/A |
|---|---|---|---|

| Vehicle | 53. YEAR 2002 | 54. MAKE FORD | 55. MODEL MUSTANG | 56. COLOR WHT | 57. TYPE CONV | 58. VIN NO. 1FAFP4462F161881 |
|---|---|---|---|---|---|---|

**59. REGISTRATION YEAR** 2011   **60. LICENSE PLATE STATE** PA   **61. LICENSE PLATE NO.** GPV-0116

**62. INSURANCE COMPANY** VIKING INS CO OF WISCONSIN   **63. POLICY NO.** 980679983

**64. DAMAGE (DESCRIPTION)** X REAR DAMAGE

Place an X on the location of the vehicle's damage

75-48C

| 65. NAME | 66. ADDRESS (NO., STREET, STATE, ZIP CODE) | DCN ER  11  -  14  - 048744 | 67. TELEPHONE NO. |
|---|---|---|---|
| WITNESS T/A HAIRSTON | 0649 MUSGRAVE 3D PHILA PA | | 215-844-4340 |
| HOLMAN COPELAND | 221 E. CLIVEDEN 3D. PHILA PA | | 267-235-8609 |

| 68. VIOLATIONS | UNIT #1  TVR NUMBERS X0360803-2 | ARRESTED FOR: |
|---|---|---|
| | UNIT #2  TVR NUMBERS X0360803-3 | ARRESTED FOR: |

**Remainder of Form Applies Only to Accidents Involving:**
**City Vehicles • Damage City, State, Federal Property • DUI • Hazardous Material • All Leaving the Scene**

**69. NARRATIVE** (DESCRIBE WHAT HAPPENED AND REFER TO THE VEHICLES BY UNIT NUMBER)

OPERATOR OF VEH #1 STATES SHE HAD THE GREEN LIGHT AND WAS TRAVELING SB ON MUSGRAVE 3D. WHEN OPERATOR OF VEH #2 WHO WAS TRAVELING EB ON CHELTEN AND MADE A R HAND TURN SB ONTO MUSGRAVE 3D. CAUSING VEH #1 TO STRIKE VEH #2. VEH #1 WAS NOT AT FAULT. OPERATOR OF VEH #1 AND WITNESS #1 STATED TO UNIFORM POLICE THAT OPERATOR OF VEH #2 HAD A HOSPITAL BAND AROUND HIS WRIST AND REMOVED IT WHEN HE WAS QUESTIONED ABOUT IT. OPERATOR OF VEH #2 STATED TO POLICE HE WAS SEEN AT THE HOSPITAL EMERGENCY ROOM FOR HIS FOOT. OPERATOR OF VEH #2 WAS POSSIBLY TREATED WITH MEDICATION. CITATIONS ISSUED TO OPERATOR OF VEH #2. NO TOW OR INJURIES AT THIS TIME. OPERATOR OF VEH #1 WAS NOT AT FAULT. OPERATOR OF VEH #2 CAUSED ACCIDENT.

| 70. CITY VEHICLE | DEPARTMENT | VEHICLE NO. | PROPERTY NO. | MILEAGE |
|---|---|---|---|---|
| | | | | |

**71. DIAGRAM**



| 72. AID CASE NO. | 73. AID OFFICER ASSIGNED |
|---|---|
| | |

75-48C (Reverse)

# EXHIBIT G

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

NISHEABA LEWIS
    Vs.                                    DECEMBER TERM, 2014
FCA US, LLC, d/b/a CHRYSLER CORPORATION,
a/k/a CHRYSLER GROUP, LLC
    And
ELCO ADMINISTRATIVE SERVICES,
t/a ENTERPRISE CAR RENTAL CO.
                      NO. 3279

# CASE MANAGEMENT CONFERENCE MEMORANDUM

Filing party: Nisheaba Lewis      By: Robert Land     , Esq.

Counsel's address and telephone number (**IMPORTANT**) _____

The Curtis Center

601 Walnut Street, Suite 160 West

Philadelphia, PA  19106

(215) 627-8222

## Part A

### *(to be completed in personal injury cases)*

1. Date of accident or occurrence: ___May 29, 2011___

   1(a). Age of Plaintiff(s): ___31; d.o.b. March 30, 1984___

2. Most serious injuries sustained: ___Seizure activity; cerebral concussion and following syndrome.___

3. Is there any permanent injury claimed?     ☒ Yes    ☐ No

   If yes, indicate the type of permanent injury: ___Residuals from cerebral concussion.___

4. Dates of medical treatment: ___5/29/11 – 4/14/14___

5. Is medical treatment continuing?     ☐ Yes    ☒ No

6. Has there been an inpatient hospitalization?     ☒ Yes    ☐ No

***This form shall be presented to the Case Manager and copies served upon all parties at the Case Management Conference by counsel prepared to discuss its contents.***

01-105 (Rev. 10/99) (1)

7. Has there been any surgery? ☐ Yes ☒ No

If yes, indicate the type of surgery: _____

8. Approximate medical bills to date: $ 26,000.00 (approx.)

Approximate medical bills recoverable in this case: $ All but $5,000.00

9. Are there any existing liens (Workers Compensation, DPW, Medical, etc.)? ☒ Yes ☐ No

If yes, what type and approximate amount? Cigna - $3,868.16

10. Time lost from work: 10/28/11 - Present   Was restaurant mgr. Can't work since accident due to seizure activity

11. Approximate past lost wages: $94,712.80

12. Is there a claim for future lost earning capacity? ☒ Yes ☐ No

If yes, approximate future lost earning capacity: Will supply

13. Are there any related cases or claims pending? ☐ Yes ☒ No

If so, list caption(s) or other appropriate identifier: _____

_____

_____

_____

14. Do you anticipate joining additional parties? ☐ Yes ☒ No

15. Plaintiff's factual position as to liability: Plaintiff was involved in an auto accident on May 29, 2011, involving the front end of the vehicle she was driving which was rented from Enterprise and sold to it by Chrysler. It was a substantial impact which should have deployed the airbags and mitigated plaintiff's injuries. Plaintiff brings this action under the Uniform Commercial Code.

16. Defense factual position as to liability: _____

_____

_____

_____

17. Defense position as to causation of injuries alleged: _____

18. Identify all applicable insurance coverage:

| Defendant | Insurance Carrier | Coverage Limits |
|---|---|---|
| | | |
| | | |
| | | |

Are there issues as to the applicability of the above insurance coverage? ☐ Yes ☐ No

19. Demand: $ 125,000.00          Offer: $ _____

01-105 (Rev. 10/99) (2)

# EXHIBIT H

MARGOLIS EDELSTEIN
BY:  Christopher J. Pakuris, Esquire
Identification No.: 31179
The Curtis Center
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106-3337
(215) 922-1100

Attorney for Defendant, Filed and Attested by
ELCO Administrative Service PROTHONOTARY
Car Rental Co.                    28 JAN 2015 11:11 am
                                        J. OSTROWSKI

---

NISHEBA LEWIS

                v.

FCA   US,   LLC,   D/B/A   CHRYSLER
CORPORATION,   A/K/A   CHRYSLER
GROUP,    LLC    AND    ELCO
ADMINISTRATIVE   SERVICES   T/A
ENTERPRISE CAR RENTAL CO.

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

NO. 141203279

## PRAECIPE TO FILE COMPLAINT

TO THE PROTHONOTARY:

Please enter a Rule upon Plaintiff to file a Complaint within twenty (20) days hereof or suffer the entry of a Judgment of Non Pros.

MARGOLIS EDELSTEIN

BY:   \s\ Christopher J. Pakuris, Esquire
        Christopher J. Pakuris, Esquire
        Attorney for Defendant,
        ELCO Administrative Services t/a Enterprise
        Car Rental Co.

## RULE TO FILE COMPLAINT

AND NOW, this     day of              , 2015, a Rule is hereby granted upon Plaintiff to file a Complaint herein within twenty (20) days after service hereof or suffer the entry of a Judgment of Non Pros.

---

PROTHONOTARY

Case ID: 141203279

I hereby certify that I have served a copy of this paper upon all other parties or their attorneys by:

_____ regular mail
_____ certified mail
_____ other _____
By: _____

MARGOLIS EDELSTEIN
BY:  Christopher J. Pakuris, Esquire
Identification No.: 31179
The Curtis Center
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106-3337
(215) 922-1100

Attorney for Defendant,
ELCO Administrative Services t/a Enterprise
Car Rental Co.

NISHEBA LEWIS

v.

FCA  US, LLC, D/B/A  CHRYSLER
CORPORATION, A/K/A  CHRYSLER
G R O U P ,  L L C   A N D   E L C O
ADMINISTRATIVE  SERVICES   T/A
ENTERPRISE CAR RENTAL CO.

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

NO. 141203279

ENTRY OF APPEARANCE
JURY TRIAL DEMAND

TO THE PROTHONOTARY:

Please enter our appearance on behalf of the Defendant, ELCO Administrative Services

t/a Enterprise Car Rental Co. , in the above captioned case.

Defendant, ELCO Administrative Services t/a Enterprise Car Rental Co. , demands a jury

trial in the above case.  Jury of 12 plus alternates demanded.

MARGOLIS EDELSTEIN

**141203279**
28 JAN 2015 11:11 am
J. OSTROWSKI

BY: \s\ Christopher J. Pakuris, Esquire
Christopher J. Pakuris, Esquire
Attorney for Defendant,
ELCO Administrative Services t/a Enterprise
Car Rental Co.

Case ID: 141203279

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY:  KEITH D. HEINOLD
Attorney ID. No. 30244
2000 Market Street
Suite 2300
Philadelphia, PA  19103
215-575-2640

Attorney for Defendant
FCA US LLC, Formerly
Known as Chrysler Group LLC

*Filed and Attested by
PROTHONOTARY
29 JAN 2015 02:15 pm
J. OSTROWSKI*

| | |
|---|---|
| NISHEABA LEWIS                                     : | **COURT OF COMMON PLEAS** |
|                                                   : | **PHILADELPHIA COUNTY** |
|        v.                                         : | |
|                                                   : | |
| FCA US LLC, d/b/a                                 : | DECEMBER TERM, 2014 |
| CHRYSLER CORPORATION, a/k/a                       : | |
| CHRYSLER GROUP LLC                                : | NO. 3279 |
|        and                                        : | |
| ELCO ADMINISTRATIVE SERVICES,                     : | |
| t/a/ ENTERPRISE CAR RENTAL CO.                    : | |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of defendant, FCA US LLC, Formerly Known as

Chrysler  Group LLC, in the above-captioned matter.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**


BY:__*/s/ Keith D. Heinold*_____
         KEITH D. HEINOLD
         Attorney for Defendant
         FCA US LLC, Formerly Known as
         Chrysler Group LLC


**DATED:**  January 29, 2015

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY: KEITH D. HEINOLD
Attorney ID. No. 30244          Attorney for Defendant
2000 Market Street              FCA US LLC, Formerly
Suite 2300                      Known as Chrysler Group LLC
Philadelphia, PA  19103
215-575-2640

---

| | | |
|---|---|---|
| NISHEABA LEWIS | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| v. | : | |
| | : | |
| FCA US LLC, d/b/a | : | DECEMBER TERM, 2014 |
| CHRYSLER CORPORATION, a/k/a | : | |
| CHRYSLER GROUP LLC | : | NO. 3279 |
| and | : | |
| ELCO ADMINISTRATIVE SERVICES, | : | |
| t/a/ ENTERPRISE CAR RENTAL CO. | : | |

## PRAECIPE TO FILE COMPLAINT

TO THE PROTHONOTARY:

Please enter a Rule upon plaintiff, Nisheaba Lewis, to file a Complaint within twenty (20)

days or suffer the entry of a Judgment of Non Pros.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN


BY:___/s/ Keith D. Heinold_____
          KEITH D. HEINOLD
          Attorney for Defendant
          FCA US LLC, Formerly Known as
          Chrysler Group LLC

**RULE TO FILE COMPLAINT**

AND NOW, this _____ day of _____, 2015, a Rule is hereby granted upon Plaintiff, Nisheaba Lewis, to file a Complaint herein within twenty (20) days after service hereof or suffer an entry of a Judgment of Non Pros.

_____
Prothonotary



141203279
30 JAN 2015 02:41 pm
C. FORTE

2

Case ID: 141203279

TO ALL PARTIES:

YOU ARE HEREBY NOTIFIED TO FILE A
WRITTEN RESPONSE TO THE ENCLOSED by
NEW MATTER and CROSSCLAIM WITHIN
20 DAYS FROM SERVICE HEREOF OR
A JUDGMENT MAY BE ENTERED AGAINST YOU

ATTORNEY FOR DEFENDANT

**MARGOLIS EDELSTEIN**
BY: Christopher J. Pakuris, Esquire
Identification No.: 31179
cpakuris@margolisedelstein.com
The Curtis Center
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106-3337
(215) 931-5853

*Attorney for Defendant,*
*ELCO Administrative Services*
*t/a Enterprise Car Rental Co.*

| | | |
|---|---|---|
| NISHEABA LEWIS | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | NO. 141203279 |
| FCA US, LLC, d/b/a CHRYSLER | : | |
| CORPORATION, a/k/a | : | |
| CHRYSLER GROUP, LLC | : | |
| and | : | |
| ELCO Administrative Services | : | |
| t/a Enterprise Car Rental Co. | : | |

**DEFENDANT ELCO ADMINISTRATIVE SERVICES T/A
ENTERPRISE CAR RENTAL CO.'S ANSWER TO PLAINTIFF'S
COMPLAINT WITH NEW MATTER AND CROSSCLAIM**

ELCO Administrative Services t/a Enterprise Car Rental Co., by counsel Margolis Edelstein,

replies to plaintiff's Complaint as follows:

1.     Denied.  After reasonable investigation, answering defendant is without knowledge

or information sufficient to form a belief as to the truth of the averments contained in this paragraph

and therefore, the defendant denies the allegations and demands strict proof thereof at trial of this

Case ID: 141203279

case, if relevant.  Moreover, the allegations contained in this paragraph are conclusions of law to

which the Pennsylvania Rules of Civil Procedure require no responsive pleadings, are therefore

denied, and strict proof thereof is demanded at the time of trial, if relevant.

      2.     Denied.  The allegations contained in this paragraph are conclusions of law to which

the Pennsylvania Rules of Civil Procedure require no responsive pleadings, are therefore denied, and

strict proof thereof is demanded at the time of trial, if relevant.  Moreover, ELCO Administrative

Services is a third-party claims administration company that does not own any rental vehicles, does

not rent vehicles, and their only connection to this matter is that they are the third-party claims

administrator who has been sent this claim for claims administration.  Moreover, they do not transact

business as Enterprise  Car Rental Co. and Enterprise Car Rental Co. is not a business entity,

company, partnership, corporation or any other type and description of business entity other than a

fictitious name under which hundreds of rental car companies do business.  Moreover, ELCO

Administrative Services and/or Enterprise Car Rental Co. are not manufacturers, marketers, sellers

or distributors of motor vehicles, and in particular a 2010 Chrysler automobile identified in

plaintiff's Complaint.

      3.     Denied.  After reasonable investigation, answering defendant is without knowledge

or information sufficient to form a belief as to the truth of the averments contained in this paragraph

and therefore, the defendant denies the allegations and demands strict proof thereof at trial of this

case, if relevant.  Moreover, the allegations contained in this paragraph are conclusions of law to

which the Pennsylvania Rules of Civil Procedure require no responsive pleadings, are therefore

denied, and strict proof thereof is demanded at the time of trial, if relevant.

      4 - 7.   Denied.  After reasonable investigation, answering defendant is without knowledge

or information sufficient to form a belief as to the truth of the averments contained in these

paragraphs and therefore, the defendant denies the allegations and demands strict proof thereof at trial of this case, if relevant. Moreover, the allegations contained in these paragraphs are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings, are therefore denied, and strict proof thereof is demanded at the time of trial, if relevant. Still further, answering defendant did not manufacture, market, sell, distribute or design any vehicle, and specifically the vehicle described in plaintiff's Complaint and, therefore, did not either expressly or impliedly warrant the fit, merchantability, or suitability for ordinary purposes for which they were to be used. Finally, answering defendant had no part or connection with plaintiff's accident or the cause of same.

8.     Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore, the defendant denies the allegations and demands strict proof thereof at trial of this case, if relevant. Moreover, the allegations contained in this paragraph are conclusions of law to which the Pennsylvania Rules of Civil Procedure require no responsive pleadings, are therefore denied, and strict proof thereof is demanded at the time of trial, if relevant. Moreover, this is not a Uniform Commercial Code case but rather a simple tort liability motor vehicle case and, therefore, a two-year statute of limitations is applicable and the expiration of that statute of limitation bars plaintiff's recovery in this matter.

## NEW MATTER

By way of further answer the answering defendant avers the following New Matter:

9.     If it is determined that the defendant is liable on the plaintiff's cause of action, the defendant avers that the plaintiff's recovery should be eliminated or reduced in accordance with the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. §7102.

10.     If it is determined that the defendant is liable on the plaintiff's cause of action, the defendant avers that the plaintiff's recovery should be eliminated or reduced in accordance with the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. §7102.

11.     It is further averred that if the plaintiff suffered any injuries/damages as alleged, they were caused solely and primarily by the carelessness, recklessness and negligence of the third parties both unknown to the answering defendant and over whom answering defendant had no control.

12.     It is further averred by the answering defendant that if the plaintiff suffered any injuries/damages as alleged, said plaintiff by her conduct assumed the risk of those injuries/damages.

13.     Pursuant to the Pennsylvania Rules of Civil Procedure answering defendant avers that co-defendant FCA US, LLC, d/b/a Chrysler Corporation, a/k/a Chrysler Group LLC is solely liable to plaintiff on the cause of action, or jointly and severally liable over to answering defendant on the cause of action declared upon in plaintiff's Complaint.

14.     Pursuant to the Pennsylvania Rules of Civil Procedure it is further averred that if it is determined that the answering defendant is liable in plaintiff's cause of action, said answering defendant avers that co-defendant FCA US, LLC, d/b/a Chrysler Corporation a/k/a Chrysler Group LLC is liable to answering defendant for indemnity, subrogation and contribution pursuant to contract, lease and/or common law.

15.     The answering defendant asserts all of the defenses, limitations and exclusions available under the Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701 et seq., and avers that the plaintiff's remedies are limited exclusively thereto, and therefore the present action is barred.

16.     It is further averred by the answering defendant that the plaintiff in the present action violated the provisions of the Pennsylvania Motor Vehicle Code, and therefore said accident was solely caused by the negligence and carelessness of the plaintiff.

17.   It is further averred by the answering defendant that co-defendant, FCA US, LLC, d/b/a Chrysler Corporation a/k/a Chrysler Group, LLC, in the present action violated the provisions of the Pennsylvania Motor Vehicle Code, and therefore said accident was caused solely by the negligence, recklessness and carelessness of said co-defendant.

18.   It is further averred by the answering defendant that the plaintiff's cause of action is barred by the appropriate statute of limitations.

19.   It is further averred by the answering defendant that plaintiff's cause of action occurred on May 29, 2011 and, therefore, the statute of limitations with regard to this motor vehicle personal injury tort claim expired on May 29, 2013 and, therefore, based upon the Pennsylvania appropriate two-year statute of limitations for personal injury tort claims, plaintiff's action is barred and there can be no recovery.

20.   In the event the plaintiff requests damages for delay pursuant to Rule 238 of the Pennsylvania Rules, answering defendant here challenges the applicability and constitutionality of said Rule, places it at issue and demands a hearing on the matter.

21.   Answering defendant asserts that at the time and place averred in plaintiff's Complaint, a sudden and unexpected emergency situation arose which as a matter of law relieves answering defendant from any and all liability.

22.   Answering defendant asserts that at the time and place averred in plaintiff's Complaint, an intervening and superseding event/action took place which as a matter of law relieves answering defendant from any and all liability.

23.   Answering defendant avers that plaintiff's alleged injuries, damages and treatment are unreasonable and excessive in light of the facts of this case.

24.   Answering defendant avers that plaintiff has failed to take all reasonable and

necessary steps to mitigate damages and injuries allegedly suffered in this case.

25.     Answering defendant avers that either some or all of plaintiff's alleged injuries, damages and treatment are unrelated to the accident and/or incident which is the basis for this lawsuit.

26.     Answering defendant denies each and every other allegation in all causes of action not heretofore denied.

27.     Answering defendant asserts that the product in question suffered a substantial change in condition subsequent to sale, design, production and/or manufacture and/or prior to the product coming into the possession of the answering defendant and/or leaving control of the answering defendant.

28.     Answering defendant avers that the product in question was used in a manner that same was neither intended, designed nor anticipated it would be used.

29.     Answering defendant avers that the product in question was neither implied or actually warranted for the manner and use the product was put to.

30.     Plaintiff's claims are barred due to plaintiff having elected a Limited Tort Option pursuant to 75 Pa.C.S.A. 1705 or as a result of plaintiff being a household member of a policy containing such Limited Tort Option. As a result of plaintiff not having incurred a serious injury as set forth in 75 Pa.C.S.A. 1705, plaintiff's claim, insofar as plaintiff seeks recovery for pain and suffering or other non-monetary damages, must be stricken.

31.     Answering defendant avers that ELCO Administrative Services is a third-party claims administrator and does not own the vehicle involved in this action, does not manufacture, design, sell distribute and is not a maker of any vehicles, and specifically the 2010 Chrysler automobile described in plaintiff's Complaint.

32.     Answering defendant avers that Enterprise Car Rental Co. is a fictitious name and is not a business entity of any kind, type or description such as a partnership, business, corporation, etc. and the fictitious name is used by hundreds of car rental companies throughout the United States.

33.     Answering defendant ELCO Administrative Services t/a Enterprise Car Rental Co. did not own the 2010 Chrysler automobile described in plaintiff's Complaint.

## NEW MATTER CROSSCLAIM OF ELCO ADMINISTRATIVE SERVICES t/a ENTERPRISE CAR RENTAL CO. AGAINST FCA US, LLC, d/b/a CHRYSLER CORPORATION, a/k/a CHRYSLER GROUP, LLC PURSUANT TO PA.R.C.P. 103.1

34.     Answering defendant incorporates by reference the factual averments contained in plaintiff's Complaint and answering defendant's New Matter as fully as if the same were here set forth as length.  However, answering defendant does not admit the facts contained in plaintiff's Complaint by reason of their incorporation herein.

35.     At the time and place of the accident described in plaintiff's Complaint, the motor vehicle driven by plaintiff was designed, manufactured, assembled, marketed, distributed and sold by co-defendant FCA US, LLC, d/b/a Chrysler Corporation, a/k/a Chrysler Group, LLC.

36.     Answering defendant asserts that co-defendant FCA US, LLC, d/b/a Chrysler Corporation, a/k/a Chrysler Group, LLC is alone liable, or is jointly and severally liable, or is liable over to the answering defendant on the cause of action declared upon in the Complaint and, therefore, said co-defendant is hereby severed and joined on this crossclaim.  Moreover, if it is further determined that answering defendant is liable in plaintiff's cause of action, said answering defendant avers that co-defendant is liable to answering defendant for indemnity, subrogation, and contribution pursuant to contract, lease and/or common law.

WHEREFORE, answering defendant ELCO Administrative Services, t/a Enterprise Car

Rental Co. respectfully requests this Court to find in its favor on plaintiff's cause of action, or find that co-defendant FCA US, LLC, d/b/a Chrysler Corporation, a/k/a Chrysler Group, LLC is jointly and severally liable, or liable over to the answering defendant on the cause of action declared upon in plaintiff's Complaint.

Respectfully Submitted,

MARGOLIS EDELSTEIN

By:

Christopher J. Pakuris, Esquire
Attorney for Defendant,
ELCO Administrative Services t/a
Enterprise Car Rental Co.

# VERIFICATION

The undersigned, having read the attached pleading verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit.  The language of the pleading is that of counsel and not of signer. Signer verifies that he has read the within pleading and that it is true and correct to the best of signer's knowledge, information and belief.  To the extent that the contents of the pleading is that of counsel, verifier has relied upon counsel in taking this Verification.  This Verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

ELCO ADMINISTRATIVE SERVICES

BY:    Laura Cole, Liability Administrator

DATE: 4/10/15

Lewis v. ELCO
53250.0-0238

## CERTIFICATION OF SERVICE

I hereby certify that on this 10th day of April, 2015, I electronically filed the foregoing Answer with New Matter and Crossclaim with the Prothonotary using the Philadelphia Courts Electronic Filing System which will automatically send notification of such filing to all counsel of record registered with the Philadelphia Courts Electronic Filing System. All parties not served electronically will be served in accordance with Pa.R.C.P. 440.

MARGOLIS EDELSTEIN

By: _____
Christopher J. Pakuris, Esquire
Attorney for Defendant,
ELCO Administrative Services t/a
Enterprise Car Rental Co.

TO:  PLAINTIFF
YOU ARE HEREBY NOTIFIED TO
PLEAD TO THE ENCLOSED NEW
MATTER WITHIN TWENTY (20) DAYS
FROM THE DATE OF SERVICE
HEREOF OR A DEFAULT JUDGMENT
MAY BE ENTERED AGAINST YOU

/s/ Keith D. Heinold
Keith D. Heinold
Attorney for Defendant,
FCA US LLC, formerly known as
Chrysler Group LLC

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY:  KEITH D. HEINOLD
Attorney ID. No. 30244
2000 Market Street
Suite 2300
Philadelphia, PA  19103
215-575-2640

Attorney for Defendant
FCA US LLC, Formerly
Known as Chrysler Group LLC

---

| | | |
|---|---|---|
| NISHEABA LEWIS | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| v. | : | |
| | : | |
| FCA US LLC, d/b/a | : | DECEMBER TERM, 2014 |
| CHRYSLER CORPORATION, a/k/a | : | |
| CHRYSLER GROUP LLC | : | NO. 3279 |
| and | : | |
| ELCO ADMINISTRATIVE SERVICES, | : | |
| t/a/ ENTERPRISE CAR RENTAL CO. | : | |

**ANSWER WITH NEW MATTER OF DEFENDANT, FCA US LLC,
FORMERLY KNOWN AS CHRYSLER GROUP LLC,
TO PLAINTIFF'S COMPLAINT**

Defendant, FCA US LLC, formerly known as Chrysler Group LLC (hereinafter "FCA

US"), by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby sets

forth its Answer to Plaintiff's Complaint with New Matter as follows.

1.     Denied. After reasonable investigation, FCA US is without sufficient knowledge or
       information to form a belief as to the truth of the averments in this paragraph, hence they
       are denied.

2.     Denied in part and as stated. Effective December 15, 2014, Chrysler Group LLC
       changed its name to FCA US LLC. It is admitted that FCA US, formerly known as
       Chrysler Group LLC, manufactured and distributed the vehicle at issue. By way of
       further response, to the extent that the averments of this paragraph are directed to a
       defendant other than FCA US, no response is required from or provided by FCA US.

3.     Denied. The averments of this paragraph are denied pursuant to Pa. R.C.P. 1029(e).

4-7.   Denied. The averments of these paragraphs constitute conclusions of law to which no
       response is required beyond general denial. To the extent that these paragraphs are
       construed to contain averments of fact, they are denied pursuant to Pa. R.C.P. 1029(e).
       By way of further response, the statute of limitations for breach of warranty claims has
       expired. Finally, to the extent that the averments of this paragraph are directed to a
       defendant other than FCA US, no response is required from or provided by FCA US.

8.     Denied. The averments of this paragraph are denied pursuant to Pa. R.C.P. 1029(e). By
       way of further response, the statute of limitations applicable to Plaintiff's claims has
       expired.

       **WHEREFORE**, defendant FCA US demands that judgment be entered in its favor,
together with costs.

## NEW MATTER

9.   FCA US incorporates its responses to paragraphs 1 through 8 above, as though the same were set forth fully herein at length.

10.   The Complaint fails to state a claim for which relief may be granted against FCA US.

11.   This Court lacks personal jurisdiction over FCA US in this action.

12.   The vehicle at issue was purchased from FCA US by Enterprise Fleet Services on or about October 29, 2010.

13.   The vehicle at issue was purchased from FCA US by Enterprise Fleet Services before December 22, 2010.

14.   The vehicle at issue was registered by Enterprise as a rental vehicle with the Rhode Island Motor Vehicle Department on or about November 4, 2010.

15.   The vehicle at issue was delivered to Enterprise before December 22, 2010.

16.   Plaintiff initiated this action by way of Writ of Summons, filed on December 22, 2014

17.   Subsequently, Plaintiff filed a Complaint, setting forth a single cause of action for breach of warranty under the Uniform Commercial Code.

18.   An action for breach of warranty must be commenced within four years after tender of delivery has been made.  13 Pa. C.S. § 2725.

19.   Plaintiff did not commence this action until more than four years after tender of delivery of the vehicle by FCA US.

20.   Plaintiff's claims against FCA US are barred by the applicable statute of limitations.

21.   On or about July 23, 2013, Plaintiff commenced a personal injury action against the Estate of John T. Johnson, captioned Nisheaba Lewis v. Estate of John T. Johnson,

3

<u>deceased</u>, Philadelphia County Court of Common Pleas, July Term, 2013, No. 02925 ("the Johnson action").

22.   Plaintiff's claims against FCA US in the instant action arose from the same motor vehicle accident at issue in the Johnson action, as Mr. Johnson was the driver of the second vehicle involved in said accident.

23.   Plaintiff's counsel in the instant action, Robert Land, Esquire, also represented Plaintiff in the Johnson action.

24.   Upon information and belief, the Johnson action settled prior to arbitration by means of a General Release.

25.   The release agreement that resolved the Johnson action may extinguish all or part of Plaintiff's claims against FCA US.

26.   The claims against FCA US may be subject to the limitations of 42 Pa.C.S. §7102.

27.   The injuries, losses and/or damages as described in the Complaint were caused or contributed to by conditions or persons over whom FCA US had no control and for which FCA US is not responsible.

28.   The conduct of persons and/or entities other than FCA US constitutes an intervening, superseding cause obviating any liability on the part of FCA US, the existence of any such liability being expressly and specifically denied.

29.   The subject vehicle complied with all applicable federal safety regulations.

30.   Any claims the vehicle was unsafe may be pre-empted.

31.   The only warranty offered with the vehicle was the manufacturer's original written limited warranty.

4

32. The vehicle's manufacturer may have disclaimed any implied warranties for the vehicle in question.

33. The rental car company from which Plaintiff rented the vehicle in question may have disclaimed any express or implied warranties for the vehicle.

34. The vehicle in question was reasonably fit, merchantable, and suitable for its intended purpose.

35. If the injuries and damages alleged were caused by a condition of the vehicle in question on the day of the accident as alleged, said condition may have been the result of the misuse, abuse or neglect, or substantial alteration, modification, and/or change in the vehicle between the time it left the custody, possession and/or control of the manufacturer and the time at which the alleged accident occurred, and not by any condition of any product sold by the manufacturer, which existed at the time said product was in the possession, custody and/or control of the manufacturer.

36. Any recovery based upon the allegations contained in the Complaint may be barred and/or limited by the applicable sections of the Pennsylvania Motor Vehicle Financial Responsibility Law.

37. Plaintiff and/or her counsel did not preserve the vehicle at issue.

38. Plaintiff was aware on the date of the accident that her airbag did not deploy.

39. Plaintiff was aware on or soon after the date of the accident that she had sustained personal injuries as a result of the accident.

40. To the extent that Plaintiff or any party may have failed to preserve evidence to FCA US's prejudice, the claims and causes of action against FCA US may be dismissed.

41. Although FCA US expressly and specifically denies that the vehicle in question was defective at the time it left the custody, possession and/or control of the manufacturer, FCA US asserts that it cannot be responsible or liable for any injuries or damages which Plaintiff would have suffered in the alleged accident if the vehicle in question had been designed and/or manufactured in a manner in which it is claimed it should have been designed and/or manufactured in order to make it non-defective.

42. If there is a judicial determination that Rule 238 of the Pennsylvania Rules of Civil Procedure is constitutional, said constitutionality being placed at issue herein, then liability for any delay damages imposed by the Court should be suspended during the period of time that Plaintiff delayed in responding to discovery or otherwise delayed the trial of this matter.

43. FCA US reserves the right to raise additional defenses as this case proceeds through discovery and towards trial.

**WHEREFORE,** defendant FCA US demands that judgment be entered in its favor, together with costs.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: ___*/s/ Keith D. Heinold*___
        KEITH D. HEINOLD
        Attorney for Defendant
        FCA US LLC,
        Formerly Known as Chrysler Group LLC

Case ID: 141203279

## VERIFICATION

Louann Van Der Wiele hereby states that she is Vice President & Associate General Counsel of FCA US LLC, formerly known as Chrysler Group LLC; that she is authorized to verify the facts set forth in the foregoing Answer with New Matter of Defendant, FCA US LLC, to Plaintiff's Complaint; that she has read the foregoing document and subscribed to same on behalf of FCA US LLC; that the foregoing document is based on information communicated by FCA US LLC personnel and other persons and information obtained from books and records of FCA US LLC; that the same are true and correct to the best of her knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

DATED: _10 April 2015_

Case ID: 141203279

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Answer with New Matter of

Defendant, FCA US LLC, Formerly Known as Chrysler Group LLC, to Plaintiff's Complaint

was served this date to the following counsel via the Court's electronic filing system:

Robert Land
The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA 19106

Christopher J. Pakuris
MARGOLIS EDELSTEIN
The Curtis Center
170 S. Independence Mall W.
Suite 400E
Philadelphia, PA 19106

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY:___*/s/ Keith D. Heinold*_____
        KEITH D. HEINOLD
        Attorney for Defendant
        FCA US LLC,
        Formerly Known as Chrysler Group LLC

**DATED:** April 16, 2015

Lewis Vs Fca Us, Llc Et-CMOIS



14120327900015





## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CIVIL

| | |
|---|---|
| *LEWIS* | *December Term 2014* |
| *VS* | *No. 03279* |
| *FCA US, LLC ETAL* | |

### *CASE MANAGEMENT ORDER*
### *COMPLEX TRACK*

It is Ordered that the above captioned matter is hereby assigned to the DECEMBER Pool and counsel should anticipate trial to begin expeditiously thereafter. Counsel and parties will be noticed for trial to take place during the designated trial pool month. All counsel and parties must immediately notify the Court in writing of any scheduling conflicts, including trial attachments and pre-paid vacations, and are under a continuing obligation to notify the Court of any subsequent trial attachments during the trial pool month. The Court will not recognize any untimely conflict notifications. Failure to notify the Court of any scheduling conflicts will result in the issuance of appropriate sanctions.

**AND NOW, 29-APR-2015, it is Ordered that:**

1.  The case management and time standards adopted for complex track cases shall be applicable to this case and are hereby incorporated into this Order.

2.  All *discovery* in the above matter shall be completed not later than *04-JUL-2016.*

3.  *Plaintiff's expert report*, if applicable, including any supplemental report, is to be served on opposing counsel and/or opposing party on or before *01-AUG-2016.*

4.  *Defendant's and any additional defendants' expert report* is to be served on opposing counsel and/or opposing party on or before *05-SEP-2016.*

5.  All *pre-trial and dispositive motions* must be filed no later than *05-SEP-2016.*

6.  A mandatory *pre-trial settlement conference* will be scheduled any time after *05-DEC-2016.*

**EARLIER LISTINGS WILL BE SCHEDULED AT THE DISCRETION OF THE COURT. COUNSEL MUST APPEAR AT THE MANDATORY PRE-TRIAL SETTLEMENT CONFERENCE WITH KNOWLEDGE OF THE CASE AND SETTLEMENT AUTHORITY. FAILURE TO COMPLY WITH THIS DIRECTIVE WILL RESULT IN SANCTIONS IN THE AMOUNT OF $100.00.** Notice will be sent to all parties at least thirty (30) days in advance of the conference. Ten (10) days prior to the conference, all counsel shall serve upon all opposing counsel

and/or opposing parties and file with the Court a pre-trial settlement memorandum containing the following:

- (a) A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;
- (b) A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial;
- (c) A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial;
- (d) Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and
- (e) Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability; and
- (f) Each counsel shall provide an estimate of the anticipated length of trial.

## FAILURE TO TIMELY FILE A PRE-TRIAL SETTLEMENT CONFERENCE MEMORANDUM MAY RESULT IN THE IMPOSITION OF MONETARY SANCTIONS.

All Motions in Limine shall be filed in accordance with electronic filing procedures not later than fifteen (15) days prior to the start of trial. Responding counsel shall have ten (10) days thereafter to file any response. For pool cases, the start of the trial is defined as the first day of the trial pool listing.

Requests to extend any case management deadline or for trial continuance must be submitted by filing a Motion for Extraordinary relief and filed prior to the expiration of the deadline in question.

Any requests for a date-certain trial listing must be submitted in writing with specificity, with a copy to opposing party, and directed to the Honorable Idee C. Fox, Team Leader, via facsimile (215-686-5137) or US Mail (622 City Hall, Philadelphia, PA 19107). However, said requests may be made only under exigent circumstances.

Counsel should have substitute counsel prepared to conduct settlement conference and/or trial where practicable.

All counsel are under a continuing obligation and are hereby ordered to serve a copy of this Order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this order.

BY THE COURT:

**IDEE FOX, J.**
**TEAM LEADER**

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY: KEITH D. HEINOLD
Attorney ID. No. 30244
2000 Market Street
Suite 2300
Philadelphia, PA  19103
215-575-2640

Attorney for Defendant
FCA US LLC, Formerly
Known as Chrysler Group LLC

_____

| | |
|---|---|
| NISHEABA LEWIS | : |
| v. | : |
| | : |
| FCA US LLC, d/b/a | : |
| CHRYSLER CORPORATION, a/k/a | : |
| CHRYSLER GROUP LLC | : |
| and | : |
| ELCO ADMINISTRATIVE SERVICES, | : |
| t/a/ ENTERPRISE CAR RENTAL CO. | : |

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

DECEMBER TERM, 2014

NO. 3279

### DEMAND FOR JURY TRIAL

TO THE PROTHONOTARY:

Defendant, FCA US LLC, Formerly Known as Chrysler  Group LLC, hereby requests a

trial by a jury of twelve (12) members plus two alternates; trial to proceed as long as there are

twelve (12) members available.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN


BY:   /s/ Keith D. Heinold
          KEITH D. HEINOLD
          Attorney for Defendant
          FCA US LLC, Formerly Known as
          Chrysler Group LLC


**DATED:** April 30, 2015

TO: CO-DEFENDANT
YOU ARE HEREBY NOTIFIED TO
PLEAD TO THE ENCLOSED CROSS-
CLAIM WITHIN TWENTY (20) DAYS
FROM THE DATE OF SERVICE
HEREOF OR A DEFAULT JUDGMENT
MAY BE ENTERED

Filed and Attested by
PROTHONOTARY
30 APR 2015 03:32 pm
C. FORTE

/s/ Keith D. Heinold
Keith D. Heinold
Attorney for Defendant,
FCA US LLC, formerly known as
Chrysler Group LLC

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY: KEITH D. HEINOLD
Attorney ID. No. 30244
2000 Market Street
Suite 2300
Philadelphia, PA 19103
215-575-2640

Attorney for Defendant
FCA US LLC, Formerly
Known as Chrysler Group LLC

---

| | | |
|---|---|---|
| NISHEABA LEWIS | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| v. | : | |
| | : | |
| FCA US LLC, d/b/a | : | DECEMBER TERM, 2014 |
| CHRYSLER CORPORATION, a/k/a | : | |
| CHRYSLER GROUP LLC | : | NO. 3279 |
| and | : | |
| ELCO ADMINISTRATIVE SERVICES, | : | |
| t/a/ ENTERPRISE CAR RENTAL CO. | : | |

**ANSWER WITH CROSS-CLAIM OF DEFENDANT, FCA US LLC,
FORMERLY KNOWN AS CHRYSLER GROUP LLC,
TO NEW MATTER AND CROSS-CLAIM OF
<u>DEFENDANT ELCO ADMINISTRATIVE SERVICES</u>**

Defendant, FCA US LLC, formerly known as Chrysler Group LLC (hereinafter "FCA

US"), by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby sets

forth its Answer and Cross-Claim to the New Matter and Cross-Claim of Defendant Elco

Administrative Services t/a Enterprise Car Rental Co. ("Enterprise"), as follows:

Case ID: 141203279

## ANSWER OF FCA US TO
## ENTERPRISE'S NEW MATTER

9-12.    These paragraphs are directed to a party other than FCA US, and so no response is required from FCA US.

13-14.   Denied.  FCA US denies the allegations in these paragraphs pursuant to Pa R.C.P. 1029(e).  By way of further response, FCA US refers Enterprise to its response to paragraphs 34-36, below.

15-16.   These paragraphs are directed to a party other than FCA US, and so no response is required from FCA US.

17.      Denied.  FCA US denies the allegations in these paragraphs pursuant to Pa. R.C.P. 1029(e).

18-33.   These paragraphs are directed to a party other than FCA US, and no response is required from FCA US.

**WHEREFORE**, defendant FCA US demands that judgment be entered in its favor, together with costs.


## ANSWER OF FCA US TO
## NEW MATTER CROSSCLAIM
## OF ELCO ADMINISTRATIVE SERVICES
## AGAINST FCA US LLC

34.      The averments set forth in FCA US's Answer with New Matter to Plaintiff's Complaint, as well as FCA US's Answer to Enterprise's New Matter, above, are incorporated by reference, as if fully set forth herein at length.

35.      Denied as stated.  It is admitted that the vehicle being operated by Plaintiff at the time and place described in the Complaint was manufactured and distributed by FCA US.

Case ID: 141203279

36.     Denied.  FCA US denies the allegations in this paragraph pursuant to Pa. R.C.P. 1029(e).
        By way of further response, it is denied that FCA US is alone liable, jointly and severally
        liable, or liable over to Enterprise on the cause of action declared upon in Plaintiff's
        Complaint.  It is further denied that FCA US is liable to Enterprise for indemnity,
        subrogation, or contribution, whether pursuant to contract, lease, or common law.

        **WHEREFORE**, defendant FCA US demands that judgment be entered in its favor,
together with costs.

## NEW MATTER CROSSCLAIM
## OF FCA US LLC
## AGAINST ELCO ADMINISTRATIVE SERVICES

37.     FCA US denies any and all liability to Plaintiff or any other party, and it incorporates its
        Answer with New Matter to Plaintiff's Complaint as if fully set forth herein at length.

38.     If Plaintiff has suffered damages and losses as alleged, which are denied, and for the
        purposes of this cross-claim only, FCA US asserts those damages and losses were caused
        by the liability producing conduct on the part of Defendant Enterprise, as alleged in
        Plaintiff's Complaint, the averments of which are incorporated herein without admission
        to the same.

39.     By virtue of the foregoing, Defendant Enterprise is solely liable to Plaintiff on the
        underlying cause of action, jointly and severally liable with FCA US, and/or liable over
        to FCA US by way of contribution and/or indemnity, any such liability on the part of
        FCA US being expressly denied.

3

    **WHEREFORE**, defendant FCA US demands that judgment be entered in its favor,

together with costs.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY:   */s/ Keith D.  Heinold*           
          KEITH D. HEINOLD
          Attorney for Defendant
          FCA US LLC,
          Formerly Known as Chrysler Group LLC

Case ID: 141203279

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Answer with New Matter Cross-Claim

of Defendant, FCA US LLC, to the New Matter and Cross-Claim of Defendant Elco

Administrative Services was served this date to the following counsel via the Court's electronic

filing system:

Robert Land
The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA  19106

Christopher J. Pakuris
MARGOLIS EDELSTEIN
The Curtis Center
170 S. Independence Mall W.
Suite 400E
Philadelphia, PA 19106

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**


BY:___*/s/ Keith D. Heinold*_____
       KEITH D. HEINOLD
       Attorney for Defendant
       FCA US LLC,
       Formerly Known as Chrysler Group LLC

**DATED:** April 30, 2015

**ROBERT LAND, ESQUIRE**
The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA 19106
(215) 627-8222
Attorney ID #04741
Attorney for Plaintiff



Filed and Attested by
PROTHONOTARY
30 APR 2015 04:36 pm
C. KORTE

| | | |
|---|---|---|
| NISHEABA LEWIS | : | COURT OF COMMON PLEAS |
| Vs. | : | |
| | : | |
| FCA US, LLC, d/b/a | : | |
| CHRYSLER CORPORATION, a/k/a | : | DECEMBER TERM, 2014 |
| CHRYSLER GROUP, LLC | : | |
| And | : | |
| ELCO ADMINISTRATIVE SERVICES, | : | |
| t/a ENTERPRISE CAR RENTAL CO. | : | NO. 3279 |

<u>PLAINTIFF'S REPLY TO THE NEW MATTER</u>
<u>OF DEFENDANT, ELCO ADMINISTRATIVE SERVICES,</u>
<u>t/a ENTERPRISE CAR RENTAL CO.</u>

9. – 12., 14. – 17, 20. – 31., & 33.    **DENIED:** These are all

conclusions of law not requiring further response.

13.    It is **ADMITTED** that FCA US, LLC, is legally liable to

plaintiff.

18. & 19.    **DENIED:** Although it is admitted that plaintiff's car

accident occurred on May 29, 2011, and that the tort action is barred by the

statute of limitations, this suit is brought under the Uniform Commercial Code,

specifically 13 Pa. C.S. §2725 which sets forth a four-year statutory period with

exceptions noted therein.

Case ID: 141203279

32.   **DENIED:**  After reasonable investigation, plaintiff is without knowledge or information sufficient to form a belief as to the truth of this averment.

**WHEREFORE,** plaintiff respectfully seeks the remedies set forth in her Complaint.

**ROBERT LAND, ESQUIRE**
Attorney for Plaintiff

## VERIFICATION

**ROBERT LAND, ESQUIRE,** states that he is the attorney for

Nisheaba Lewis, the plaintiff in the foregoing action; that he is authorized to take

this Verification on plaintiff's behalf, and that the facts set forth in Plaintiff's Reply

to the New Matter of Defendant, Elco Administrative Services, t/a Enterprise Car

Rental Co., are true and correct, to the best of his knowledge, information and

belief.

This statement is made subject to the penalties of 18 Pa. C.S.

§4904 relating to unsworn falsification to authorities.

**ROBERT LAND, ESQUIRE**
Attorney for Plaintiff

Date: 4/30/15

**ROBERT LAND, ESQUIRE**
The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA 19106
(215) 627-8222
Attorney ID #04741
Attorney for Plaintiff



| | | |
|---|---|---|
| NISHEABA LEWIS | : | COURT OF COMMON PLEAS |
| Vs. | : | |
| FCA US LLC, d/b/a CHRYSLER CORPORATION, a/k/a CHRYSLER GROUP LLC | : | DECEMBER TERM, 2014 |
| And | : | |
| ELCO ADMINISTRATIVE SERVICES, t/a ENTERPRISE CAR RENTAL CO. | : | NO. 3279 |

### PLAINTIFF'S REPLY TO THE NEW MATTER OF DEFENDANT, FCA US LLC, FORMERLY KNOWN AS CHRYSLER GROUP LLC

9., 16. – 18., 21., 23., 25., 38. & 39.     **ADMITTED**, except with regard to paragraph #18 exceptions prevail.

12. – 15., 19., 31. – 33.     **DENIED:** After reasonable investigation, plaintiff is without knowledge or information sufficient to form a belief as to the truth of these averments.

22.     **ADMITTED AND DENIED, EACH IN PART:** It is **ADMITTED** that the claims against answering defendant involved the Johnson accident, yet separate damages arose from the Johnson tort and this cause, the latter not constituting admittedly a superseding cause.

24.     **DENIED:** The Johnson action was settled pursuant to the attached Release which contains all the terms of the settlement.

43.     **DENIED:**  This can be accomplished by agreement or Court decree and not by reservation of rights.

**WHEREFORE,** plaintiff respectfully seeks the remedies set forth in her Complaint.

**ROBERT LAND, ESQUIRE**
Attorney for Plaintiff

## VERIFICATION

**ROBERT LAND, ESQUIRE,** states that he is the attorney for Nisheaba

Lewis, the plaintiff in the foregoing action; that he is authorized to take this Verification

on plaintiff's behalf; and that the facts set forth in plaintiff's Reply to the New Matter of

Defendant, FCA US LLC, formerly known as Chrysler Group LLC, are true and correct,

to the best of his knowledge, information and belief.

        This statement is made subject to the penalties of 18 Pa. C.S. §4904

relating to unsworn falsification to authorities.

 

**ROBERT LAND, ESQUIRE**
Attorney for Plaintiff

Date: 5/5/15



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL**

| | |
|---|---|
| **LEWIS** | **December Term 2014** |
| **VS** | **No. 03279** |
| **FCA US, LLC ETAL** | |

### *REVISED CASE MANAGEMENT ORDER*

Be advised that the Case Management Order issued for the above-captioned action has been revised as follows:

1. All discovery shall be completed not later than 04-JUL-2016.

2. Plaintiff shall submit expert reports not later than 01-AUG-2016.

3. Defendant shall submit expert reports not later than 05-SEP-2016.

4. All pre-trial motions shall be filed not later than 05-SEP-2016.

5. A settlement conference will be scheduled any time after 03-OCT-2016.

6. A pre-trial conference will be scheduled at any time after 05-DEC-2016.

7. It is expected that this case shall be ready for trial by 03-JAN-2017.

All other terms and conditions on the original Case Management Order will remain in full force and effect.

*BY THE COURT:*

**Date:** _____

**LISA RAU, J.**
**TEAM LEADER**

FJB56816(9/4/03)

Lewis Vs Fca Us, Llc Et-RVCMO



14120327900027