IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NISHEABA LEWIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FCA US LLC doing business as | : | |
| CHRYSLER CORPORATION also known | : | |
| as CHRYSLER GROUP LLC, et al. | : | NO. 15-2811 |

MEMORANDUM

Bartle, J.  June 17, 2015

Before the court is the motion of plaintiff Nisheaba Lewis under 28 U.S.C. § 1447(c) to remand this action to the Court of Common Pleas of Philadelphia County on the ground that defendants were untimely in removing it here from the state court. Defendants opposed the motion.

Plaintiff instituted this action by filing a writ of summons on December 22, 2014. It was served on January 5, 2015.[1] Thereafter, on March 19, 2015, plaintiff filed and served electronically a complaint for breach of warranty against defendants. She alleges she suffered serious injuries when the airbags in the Chrysler vehicle she was driving failed to deploy

---

[1] The writ of summons issued under Rule 1351 of the Pennsylvania Rules of Civil Procedure contains the name and address of the plaintiff, the name and address of defendants, and a statement that the plaintiff has commenced an action against them in the Court of Common Pleas of Philadelphia County. The summons states the name of the Prothonotary and the date issued under seal and identifies the case as a "Major/Non-Jury Action" involving "Negligence, 2P. Products Liability." No further information is provided.

during a collision with another vehicle. Defendants did not file a notice of removal in this court until May 19, 2015, some sixty days after service of the complaint. See 28 U.S.C. § 1446(a).

Plaintiff argues that remand is required because removal did not occur within 30 days after defendants' receipt of the complaint. She relies on 28 U.S.C. § 1446(b)(1) which provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

Where service of a summons takes place before the service of the complaint as happened here, the 30 day period for removal begins to run when the complaint is served. Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999); Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220-23 (3d Cir. 2005).

Defendants, in arguing that removal was timely, cite § 1446(b)(3) which provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

-2-

> ascertained that the case is one which is or has become removable.

Defendants concede that the complaint, which they received on March 19, 2015, put them on notice of the nature of plaintiff's claim for relief and of the parties' diversity of citizenship. See 28 U.S.C. § 1332(a). Invoking § 1446(b)(3), defendants contend that removal was timely because they did not become aware until April 29, 2015 that the plaintiff was seeking in excess of $75,000 exclusive of interest and costs, the threshold for a diversity action in federal court under § 1332(a). According to defendants, they first learned of the requisite amount in controversy not from the complaint but from the receipt of an "other paper," that is, from plaintiff's April 29, 2015 Case Management Conference Memorandum which identified damages of $125,000. May 19, the removal date, is within 30 days of April 29.

We must therefore determine whether the clock began to run under § 1446(b)(3) from the date of the receipt of plaintiff's Case Management Conference Memorandum or under § 1446(b)(1) from the date when the complaint was received. This, of course, depends on whether the complaint put the defendants on notice that the action was removable. The question before us is whether the defendants knew from the complaint "what the suit [was] about." See Murphy Bros., 526

-3-

U.S. at 352. In <u>Foster v. Mutual Fire, Marine & Inland Insurance Co.</u>, 986 F.2d 48, 53 (3d Cir. 1993), our Court of Appeals explained:

> The inquiry is succinct: whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present.

(internal quotation mark omitted).[2]

In assessing whether the complaint meets this standard for purposes of establishing the requisite amount in controversy under 28 U.S.C. § 1332(a), we look to <u>Saint Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283 (1938). In <u>Red Cab</u> the Supreme Court explained in the context of a motion to remand that the amount sought in good faith in a complaint controls for jurisdictional purposes. <u>Id.</u> at 288. A claim may be remanded for lack of subject-matter jurisdiction only when "it ... appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." <u>Id.</u> at 289; see also <u>Frederico v. Home Depot</u>, 507 F.3d 188, 195 (3d Cir. 2007); <u>Samuel-Bassett v. KIA Motors Amer., Inc.</u>, 357 F.3d 392, 398 (3d Cir. 2004). Thus, when a defendant reviews a state court complaint to

---

[2] The court also stated that it is possible for sufficient notice to be provided in the writ of summons or praecipe as well as in the complaint. The part of the opinion with respect to the writ of summons and praecipe appears to have been overruled as explained in <u>Sikirica</u>, 416 F.3d at 220-23. In any event, the summons here did not provide the specificity necessary to trigger the running of the 30 day period.

-4-

ascertain the amount in controversy for federal jurisdictional purposes, it must do so with the Red Cab standard in mind.

In this case, the complaint claims unliquidated damages for personal injuries "in a sum in excess of Fifty Thousand ($50,000) Dollars." Under Rule *1301 of the Philadelphia Civil Rules, this signals that the action is not eligible for initial resolution in the court's compulsory arbitration program for smaller cases. See also 42 Pa. Cons. Stat. § 7361; Pa. R. Civ. P. 1301 et seq. Under Pennsylvania practice, it is not proper to claim any specific sum for unliquidated damages except in counties such as Philadelphia where compulsory arbitration exists. Pa. R. Civ. P. 1021(b). Even then, a plaintiff may only state whether or not "the amount claimed does or does not exceed the jurisdictional amount requiring arbitration referral by local rule." Id. 1021(c). In Philadelphia, the cut-off is $50,000. 42 Pa. Cons. Stat. § 7361(b); Phila. Civ. R. *1301.

The defendants knew from the wording of the complaint that the demand for relief was "in excess of $50,000." Pursuant to Rule 1021 of the Pennsylvania Rules of Civil Procedure, plaintiff was prohibited from being any more specific in her pleading than she was. Defendants, however, must look at the entire complaint and beyond the narrow confines of its ad damnum clause seeking unliquidated damages unless it clearly appears

-5-

that the clause contains a cap below the federal jurisdictional minimum. See Frederico, 507 F.3d at 196-97. No such cap is pleaded here.

The complaint also averred that plaintiff:

> [S]uffered serious injuries; she suffered lumbosacral sprain and strain; she suffered a trauma to the head, cerebral concussion and syndrome therefrom, including a seizure disorder; she suffered contusions, lacerations and abrasions to her face, mouth, chest, jaw and left knee; she suffered other serious orthopedic, neurological and internal injuries; she sustained arthritic and vascular changes; she suffered a severe shock and injury to her nerves and nervous system; she has required medicines, medical care and treatment for which she paid and incurred expenses; she suffered from agonizing aches, pains and mental anguish; and she has been disabled from performing her usual duties, occupations and avocations.

While defendants argue that plaintiff had sought amounts below $75,000 in a separate but related lawsuit, matters beyond the pleading in this action are not relevant to the inquiry. Foster, 986 F.2d at 53. Nor does defendants' knowledge of plaintiffs' strategies in other lawsuits affect the seriousness of the injuries alleged here.

According to defendants, an initial pleading fails to support diversity jurisdiction when it "fails to specifically allege damages that permit a defendant to conclude, to a legal certainty, that the amount in controversy is met." The

defendants have the Red Cab rule backwards.  Rather, a defendant must read the complaint to determine whether "it appears to a legal certainty that the claim is really for less than the jurisdictional amount."  Otherwise, the jurisdictional amount has been satisfied.[3]

On March 19, 2015, defendants were on notice with a substantial degree of specificity from the four corners of the complaint, that is, from the initial pleading, that plaintiff was claiming serious injuries so as to be seeking the federal threshold amount of more than $75,000.  Foster, 986 F.2d at 53.  The complaint did not show to a legal certainty anything to the contrary.  Red Cab, 303 U.S. at 289.  Thus, the removal clock began to tick under § 1446(b)(1) when the complaint was received.  Defendants did not remove the action until May 19, 2015, far outside the 30-day allowable window of that subsection.

Accordingly, this action will be remanded to the Court of Common Pleas of Philadelphia County due to its untimely removal.

---

[3] Defendants have cited numerous unpublished opinions from this district in support of their position.  See, e.g., Judge v. Phila. Premium Outlets, Civil Action No. 10-1553, 2010 WL 2376122 (E.D. Pa. June 8, 2010); Bishop v. Sam's East, Inc., Civil Action No. 08-4550, 2009 WL 1795316 (E.D. Pa. June 23, 2009).  We note that none of these decisions cites Red Cab.